# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>         Plaintiff,<br><br>v.<br><br>WILLIAM E. LAMDEN, in individual and representative capacity as trustee of the LFT NON GST Trust FBO WE LAMDEN dtd; CAROL A. LAMDEN CORBY, in individual and representative capacity as trustee of the LFT NON GST Trust FBO WE LAMDEN dtd; and DOES 1-10,<br><br>         Defendants. | Case No.: 3:17-cv-2562-L-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 9, 10]** |

  Pending before the Court are two motions to dismiss plaintiff Scott Schutza's ("plaintiff") Complaint based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by defendants William Lamden and Carol A. Lamden Corby ("defendants"). (ECF Nos. 9, 10.) Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

//

1

I.  **BACKGROUND**

According to the Complaint, plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. (Complaint ¶ 1, ECF No. 1.) The defendants currently own the real property located at 10436 Clairemont Mesa Blvd., San Diego, California and owned the property during the relevant time period. (*Id.* ¶¶ 2, 3.) Plaintiff alleges that he visited JP's Pub, a restaurant located at the above location, to eat and drink in September 2017. (*Id.* ¶ 8.) He contends that there were no accessible parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during his visit. (*Id.* ¶ 11.) Plaintiff alleges that "[he] personally encountered this barrier[]" and "[t]his inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration." (*Id.* ¶¶ 19, 20.)

Mr. Schutza filed his Complaint on December 26, 2017. (ECF No. 1.) He alleges two causes of action: (1) violation of the Americans with Disabilities Act ("ADA"); and (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53.) ("Unruh Act"). (*Id.* at 5-7.) The latter claim is premised on a violation of the ADA. (*Id.* at 7.)

Defendants now move to dismiss plaintiff's claims claiming that, due to his Complaint's allegations, he lacks standing and fails to state a claim.[1] (*See* ECF Nos. 9-1, 10-1.) Defendants assert that plaintiff lacks standing because he fails to allege specific facts showing injury-in-fact, causation, and redressability. (ECF Nos. 9-1 at 4-7, 10-1 at 6-9.) Defendants also assert that plaintiff's Complaint does not allege facts sufficient to state a claim under the ADA. (ECF Nos. 9-1 at 7-10, 10-1 at 9-12.) Assuming the ADA claim fails, defendants contend supplemental jurisdiction over the state law claim should be decline. (ECF Nos. 9-1 at 10-12, 10-1 at 12-14.)

---

[1] The arguments in defendants' separate motions to dismiss mirror each other. To the extent there is distinct argument made by a single defendant, the Court will note it and address it as such.

## II. LEGAL STANDARD

According to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual attack, the Court may look beyond the complaint and consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment, and need not presume the truthfulness of plaintiff's allegations. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 (9th Cir. 2006). The opposing party must provide affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction if the moving party presents affidavits or other extrinsic evidence. *Colwell v. Dept. of health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a Rule 12(b)(6) motion, the court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

//
//

## III. DISCUSSION

### A. Article III Standing – Rule 12(b)(1) Motion

Defendants assert that plaintiff lacks standing claiming the Complaint lacks showing injury-in-fact, causation, or redressability. (ECF Nos. 9-1 at 7-10, 10-1 at 12-13.)

Since standing concerns a federal court's subject matter jurisdiction under Article III, a motion to dismiss under Rule 12(b)(1) is the proper challenge, not a rule 12(b)(6) motion. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.* 528 U.S. 167, 180-81 (2000). When only declaratory and injunctive relief are sought, a plaintiff is also required to show a significant possibility of future harm; allegations of a past injury only will not suffice. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). The burden of establishing that each element of standing met falls on the party invoking federal jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Here, defendants contend "plaintiff never explicitly alleges which barrier he encountered." (ECF Nos. 9-1 at 9, 10-1 at 12.) However, plaintiff alleges that he personally encountered a specific barrier—no accessible parking spaces available for persons with disabilities in compliance with the ADAAG. (Compl. ¶¶ 11, 19.) Plaintiff further alleges ther areas of noncompliance, specifically noting that the parking stalls and access aisle were not level with each other, the shared access aisle had slopes greater than 2.1%, and the parking space to the east had slopes greater than 2.1%. (Compl. ¶¶ 12-14.) It is also alleged that these barriers remain at the subject property. (Compl. ¶¶ 15-16.) Taken together, the Complaint alleges that these barriers deprived plaintiff of full and equal access to JP's Pub. (Compl. ¶¶ 11-19.)

Defendants further contend that the Complaint does not allege how any barrier relates to plaintiff's disability thereby causing injury. (ECF Nos. 9-1 at 9, 10-1 at 12.) To the contrary, Schutza alleges that the inaccessible parking lot denied him full and equal access and caused him difficulty and frustration. (Compl. ¶ 20.) Also, plaintiff alleges that he has been deterred from patronized JP's Pub. (Compl. ¶ 25.) The Court finds that these allegations set forth an actual, concrete and particularized injury in fact. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011).

Defendants assert that plaintiff's complaint fails to allege how his injury is connected to the defendants' conduct. (ECF Nos. 9-1 at 9, 10-1 at 12.) Specifically, defendants argue that plaintiff does not allege that defendants control JP's Pub or the parking lot containing the alleged ADA barriers. (*Id.*) However, the Complaint alleges the defendants' control over the property stems from their landowner status. (*See* Compl. ¶¶ 2-3.) The Ninth Circuit has concluded that the ADA imposes concurrent obligations on landlords and tenants, and that a landlord, as an owner of the property, should be liable for ADA noncompliance even on property leased to, and controlled by a tenant. *See Botosan v. Paul McNally Real*, 216 F.3d 827, 832-834 (9th Cir. 2000). Accordingly, the Court finds the noncompliance is fairly traceable to the defendants.

Defendants also assert that the Complaint does not allege an injury "likely to be redressed by a favorable judicial decision." (ECF Nos. 9-1 at 10, 10-1 at 13) (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). This assertion is simply false as the Complaint alleges that "[t]he violations identified are easily removed . . . [and] readily achievable to remove." (Compl. ¶ 23.) The Complaint also highlights that "numerous alternative accommodations" are available, such as paint striping level parking stalls and access aisles or installing proper signage to comply with federal and state access standards, if complete removal of the barriers were not achievable. (Compl. ¶¶ 23-24.) As such, the Court finds the injunctive relief sought here—to compel defendants to comply with the ADA—is properly alleged.

In attacking plaintiff's standing to obtain injunctive relief, defendants argue that plaintiff does not state facts showing a likelihood of future injury. (ECF Nos. 9-1 at 11, 10-1 at 14.) However, plaintiff has two ways of showing a likelihood of future injury, by alleging: (1) an intention "to return to noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier[;]" or (2) "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950. Here, plaintiff alleges that "[he] would like to return and patronize JP's Pub but will be deterred from visiting until the defendants cure the violations." (Compl. ¶ 21.) Plaintiff also alleges that he is currently deterred from patronizing JP's Pub due to the knowledge of the noncompliant barriers but will return to patronize JP's pub once the barriers are removed. (Compl. ¶ 25.) As such, the Court finds the Complaint sufficiently alleges an intent to return sufficient to establish a likelihood of future injury.

### B. Insufficient Facts – Rule 12(b)(6) Motion

Defendant contends that the Complaint does not allege facts showing that they own a place of public accommodation. (ECF Nos. 9-1 at 11, 10-1 at 14.) The Ninth Circuit has held that a "place of public accommodation" under the ADA, is limited to "an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). As stated above, the Complaint alleges the Defendants own the land upon which the alleged noncompliant parking lot sits. (Compl. ¶¶ 2-3.) Thus, this contention fails.

### C. Supplemental Jurisdiction

Once the court acquires supplemental jurisdiction over a state law claim, the court may decline to exercise jurisdiction on account of one of the bases under 28 U.S.C. § 1367(c). *Exec. Software N. Am., Inc. v. Jensen*, 24 F.3d 1545, 1551 (9th Cir. 1994). Under section 1367 (c), a district court may decline to exercise supplemental jurisdiction under subsection (a) if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original

6

3:17-cv-2562-L-JLB

jurisdiction; or (4) there are compelling reasons for declining jurisdiction in exceptional circumstances.

Defendants argue plaintiff is forum shopping his Unruh Act claim into federal court to avoid the pleading requirements of California state court. (ECF No. 9-1 at 14, 10-1 at 17.) For that reason, they contend this Court should decline supplemental jurisdiction in similar fashion as Judge Bashant in *Schutza v. Cuddeback*, 262 F.Supp.3d 1025 (S.D. Cal. 2017). (*Id.*) Plaintiff asserts that there is no basis for the Court to decline supplemental jurisdiction and defendant's reliance on *Cuddeback* is misplaced. (ECF No. 11 at 19-26.) This Court disagrees.

Plaintiff claims that the ADA and the Unruh Act are "inextricably intertwined" because an ADA violation is a per se violation of the Unruh Act under California Civil Code section 51(f). (ECF No. 11 at 20.) However, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Ninth Circuit has held that, although the Unruh Act requires a plaintiff plead and prove intentional discrimination in public accommodation, no showing of intentional discrimination is required under section 51(f). *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (2004). This presents an irreconcilably complex issue of state law as the Unruh Act requires proof of intentional discrimination while the ADA does not. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). *See Cross v. Pac. Coast Plaza Invs., L.P.*, 2007 WL 951772, at *5 (S.D. Cal. Mar 6, 2007). Until the California Supreme Court clarifies this discrepancy between the burdens of proof under these statutes, California state court is the forum to interpret state disability laws. Accordingly, the Court finds plaintiff's Unruh Act claim raises a novel or complex issue of state law.

Although not bound by it, the Court finds the analysis in *Cuddeback* persuasive. Similar to *Cuddeback*, this Court finds that the Unruh Act money damages substantially predominate over federal injunctive relief. *Cuddeback*, 262 F.Supp.3d at 1030. While this

same plaintiff alleged nine separate ADA violations in *Cuddeback*, he alleges the following three violation here: (1) the parking stall and access aisle were not level with each other, (2) the shared access aisle had slopes greater than 2.1%, and (3) the parking space to the east had slopes greater than 2.1%. (Compl. ¶¶ 12-14.) Plaintiff also alleges that he plans to return to the alleged discriminatory site "to assess ongoing compliance" and to conduct a site inspection despite claiming he is "deterred from returning" to the site due to his knowledge of the present violations. (Compl. ¶¶ 25-26.) Although proof of intentionality is not required for recovery under the ADA, plaintiff alleges defendant's noncompliance here is intentional. (Compl. ¶ 27.) Considering proof of the presently alleged violations would entitle him to a minimum of $12,000—a minimum of $4,000 for each offense, plaintiff's allegations indicate his predominant focus is uncovering as many possible violations as possible and recovery of money damages under the Unruh Act. Thus, the Court finds that plaintiff's Unruh Act claim substantially predominates over his ADA claim.

Moreover, *Cuddeback* shed light on a compelling reason this Court declines supplemental jurisdiction—forum shopping. In California state court, an Unruh Act claim, like plaintiff's here, is subject to a heightened pleading standard in which his complaint must be verified and allegations must be specific. *See* Cal. Code Civ. P. § 425.50. This heightened standard acts as a barrier to baseless and vexatious litigation. *See e.g.*, SB 1186, Chapter 383 § 24 (Ca. 2012). The Court notes that plaintiff has filed close to two hundred cases in federal court alleging disability discrimination.[2] Plaintiff states he would be seeking the same injunctive relief in both courts. (ECF No. 11 at 23.) For that reason, the distinct advantages plaintiff gains by bringing his Unruh Act claim in federal court is skirting the state-imposed pleading requirements and a lower burden of proof to recover money damages. Similar to *Cuddeback*, the Court "finds it would be improper to allow

---

[2] According to PACER, plaintiff Schutza had filed 181 cases as plaintiff in federal court as of September 14, 2018.

Plaintiff to use federal court as an end-around to California's pleading requirements." *Cuddeback*, 262 F.Supp.3d at 1031. The Court agrees with defendant's assertion that plaintiff is engaging in forum-shopping by bringing his Unruh Act claim in federal court. As such, the Court finds that the discouragement of forum-shopping is a compelling reason to decline supplemental jurisdiction over plaintiff's Unruh claim. *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F.Supp.2d 1120, 1132 (S.D. Cal. 2005).

### IV. CONCLUSION & ORDER

For the foregoing reasons the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion. Defendant's motion is **GRANTED** with respect to supplemental jurisdiction over plaintiff's Unruh Act claim and **DENIED** in all other respects. Plaintiff's California Unruh Act claim is hereby **DISMISSED WITHOUT PREJUDICE** to asserting it in state court. The Court retains jurisdiction over the ADA claim. Defendants shall file an answer or otherwise respond to the ADA claim no later than **October 1, 2018**.

**IT IS SO ORDERED.**

Dated: September 14, 2018

_____
Hon. M. James Lorenz
United States District Judge